Steven L. Taggart, ISB No. 8551
**MAYNES TAGGART PLLC**
P. O. Box 3005
Idaho Falls, ID 83403
Telephone: (208) 552-6442
Facsimile: (208) 524-6095
Email: staggart@maynestaggart.com

*Attorney for Defendant David E. Johnson*

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| In Re:<br><br>DAVID E. JOHNSON and KATHYRN L. JOHNSON,<br><br>Debtors. | BK Case No. No. 20-40365-JMM<br><br>Chapter 7 |
| THOMAS KIRKDORFFER,<br><br>   Plaintiff,<br><br>vs.<br><br>DAVID E. JOHNSON,<br><br>   Defendant. | Adversary Case No. 20-08048-JMM |

**ANSWER TO ADVERSARY COMPLAINT**

COMES NOW Defendant David E. Johnson ("Johnson" or Defendant) and in answer to the Plaintiff Thomas Kirkdorffer's ("Kirkdorffer" or "Plaintiff") Adversary Complaint (Dkt. No. 1) (the "Complaint"), admits, denies and alleges as follows:

**ANSWER**

Any and all allegations not expressly admitted herein are denied. Johnson further asserts that Plaintiff's Complaint fails to state a claim against this Defendant on which relief can be granted. Johnson further answers specifically as follows:

1. In response to the allegations contained in Paragraph 1 of the Complaint, Defendant admits the same.

2. In response to the allegations contained in Paragraph 2 of the Complaint, Defendant denies the allegations.

3. In response to the allegations contained in Paragraphs 3-11 of the Complaint, Defendant admits the same.

4. In response to the allegations contained in Paragraph 12 of the Complaint, Defendant vigorously denies the same. Kirkdorffer fails to acknowledge that Car Biz Boyz, LLC dba Freedom Auto Finders (hereinafter "Freedom Auto") <u>was simply a business that failed</u>, after Defendant and his spouse made a significant effort to save the same by pouring almost all their personal resources into it. There was never any effort by Johnson to specifically or generally harm Mr. Kirkdorffer.

5. In response to the allegations contained in Paragraph 13, Defendant denies the same.

6. In response to the allegations contained in Paragraph 14, Defendant admits the same.

7. In response to the allegations contained in Paragraph 15, Johnson denies the same. Mr. Hilarides was employed in 2009 to run Freedom Auto as its manager and not to specifically make false representations to Kirkdorffer or any other party roughly 10 years later.

8. In response to the allegations contained in Paragraph 16, Johnson denies that Freedom Auto was unwilling to pay Plaintiff nor was it unable until its financial situation worsened as Johnsons' ability to provide additional funds reached an end and

the COVID-19 outbreak precluded financial recovery.

9. In response to the allegations contained in Paragraph 17-22, Defendant admits the same.

10. In response to the allegations contained in Paragraph 23, that paragraph merely incorporates previous paragraphs and no response is required except as provided above.

11. In response to the allegations contained in Paragraphs 24-25, such Paragraphs merely summarize the applicable statute and a particular case and therefore no response is required.

12. In response to Paragraph 26, such is denied. Of note, Freedom Auto was licensed at the time and still has two substantial bonds posted against which recovery may be sought.

13. In response to Paragraph 27, Defendant denies the same in part because most of the earlier transactions were resolved, through the previous efforts of Defendant and his spouse to infuse Freedom Auto with personal resources and a strong belief that the business would rebound.

14. In response to the allegations contained in Paragraph 28, such merely summarizes particular cases and therefore no response is required.

15. Paragraph 29 is vigorously denied.

16. In response to Paragraph 30, Defendant has no knowledge of Plaintiff's own reliance and therefore denies the same.

17. As to Paragraph 31, Johnson denies he made any representation to Plaintiff and generally denies the same.

18. As to Paragraph 32, as Johnson made no applicable statements to Kirkdorffer, such is denied.

19. As to Paragraph 33, Defendant is unaware what Plaintiff believed and denies the same. Johnson specifically denies any intent to use the proceeds from the sale, except for the portion Freedom Auto was entitled to, for any particular purpose harmful to Plaintiff.

20. Paragraphs 34-38 are denied.

21. In response to the allegations contained in Paragraph 39, that paragraph merely incorporates previous paragraphs and no response is required except as provided above.

22. In response to the allegations contained in Paragraphs 40-42, such Paragraphs merely summarize the applicable statute and various cases and therefore no response is required.

23. As to Paragraph 43, Defendant is unaware what Plaintiff believed and denies the same.

24. Paragraphs 44-45 are denied.

25. As to Paragraph 46, such is inaccurate in that funds did not simply disappear nor was there any belief at that time that the business would fail and such is denied.

26. Paragraph 47 is denied in full.

27. In response to the allegations contained in Paragraph 48, such merely summarizes particular cases and therefore no response is required.

28. Paragraph 49-50 are denied.

29. In response to the allegations contained in Paragraph 51, that paragraph merely incorporates previous paragraphs and no response is required except as provided above.

30. In response to the allegations contained in Paragraphs 52-57, such Paragraphs merely summarize the applicable statute and various cases and therefore no response is required.

31. Paragraphs 58-61 are denied in full.

32. In response to the allegations contained in Paragraph 62, that paragraph merely incorporates previous paragraphs and no response is required except as provided above.

33. Paragraphs 63-65 are denied.

34. In response to the allegations contained in Paragraph 66, that paragraph merely incorporates previous paragraphs and no response is required except as provided above.

35. Paragraph 67 is denied.

## AFFIRMATIVE DEFENSES

By pleading certain defenses and affirmative defenses, Defendant does so for the purpose of completeness and does not intend to suggest that he bears the burden of proof on any such defense. Furthermore, Defendant has not yet had the opportunity to conduct discovery in this case. Defendant, by failing to raise an affirmative defense or assert a counterclaim, does not intend to waive any such defense or counterclaim and specifically reserves the right to amend his Answer to include additional affirmative defenses and counterclaims.

*First Affirmative Defense*

The Complaint fails to state a claim against this Defendant upon which relief can be granted.

*Second Affirmative Defense*

Plaintiff's alleged damages may or could be mitigated substantially or totally on disbursement of the two large bonds that exist to pay claims against Freedom Auto.

*Third Affirmative Defense*

Plaintiff's claims fail because of intervening causes, namely the impact of the Freedom Auto's financial collapse and the COVID-19 outbreak's prevention of Freedom Auto from reviving its financial fortunes.

*Fourth Affirmative Defense*

Plaintiff has failed to plead with particularity the circumstances of his claimed representations as required by FRCP 9 in that he has not identified specifically who said what to him, what was said, the context of the purported conversation and when such occurred.

*Fifth Affirmative Defense*

The parties specifically contracted in the Marketing Agreement that all promises must be in writing and approved by the management of Freedom Auto.

*Sixth Affirmative Defense*

Johnson showed no individualized intent to harm Plaintiff and in fact took extensive steps to liquidate and borrow against personal assets in a failed attempt to save Freedom Auto and take care of Plaintiff.

*Seventh Affirmative Defense*

As Plaintiff had voluntarily placed his property with Freedom Auto to sell, such cannot constitute larceny.

*Eighth Affirmative Defense*

Defendant lacked particularized intent to harm Plaintiff.

*Ninth Affirmative Defense*

Defendant took no specific action against Plaintiff to maliciously harm Plaintiff.

*Tenth Affirmative Defense*

Defendant is not responsible by any representation by any Freedom Auto employee not authorized by Defendant.

*Eleventh Affirmative Defense*

Defendant presently has insufficient knowledge or information upon which to form a belief as to whether Defendant may have additional and yet unstated affirmative defenses available. Defendant reserves the right to amend this Answer to plead additional affirmative defenses in the event that discovery indicates that such defenses are appropriate.

**PRAYER**

Defendant specifically denies the allegations, averments, and claims Plaintiff asserts entitles him to relief set forth in the Complaint. Defendant specifically denies that Plaintiff is entitled to any relief or recovery whatsoever against this Defendant. Defendant pray that (a) Plaintiff takes nothing in this action; (b) Defendant be awarded

his attorneys' fees and costs incurred in defending this litigation; and (c) such other and further relief as the Court deems appropriate and just.

DATED:   September 10, 2020

MAYNES TAGGART PLLC

*/s/ Steven L. Taggart*
Steven L. Taggart

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on September 10, 2020, I filed a copy of the foregoing pleading with the Court via CM/ECF and the following parties are reflected as receiving the Notice of Electronic Filing as CM/ECF Registered Participants:

Louis V. Spiker, Esq., Attorney for Nicholas Wright – efile@magicvalleylaw.com, lvs@magicvalleylaw.com

Romeo Kade Beorchia, Esq., Attorney for Nicholas Wright – efile@magicvalleylaw.com, rkb@magicvalleylaw.com


And as otherwise reflected on the Court's Notice of Electronic filing.


                      */s/ Theresa G. Carson*
                      Theresa G. Carson
                      Legal Assistant